# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SAMUEL A. BURNETTE,

        Petitioner,

    v.                   Case No. 25-CV-335

RICH GIROUX,

        Respondent.

## ORDER

On January 5, 2026, the court denied Samuel A. Burnette's petition for a writ of habeas corpus and declined to issue a certificate of appealability. *Burnette v. Tegels*, No. 25-CV-335, 2026 LX 92146 (E.D. Wis. Jan. 5, 2026). The court of appeals likewise declined to grant a certificate of appealability. (ECF No. 39.)

Burnette is back before this court with a motion for relief from judgment under Fed. R. Civ. P. 60(b)(1). He argues that the court misunderstood or erred in analyzing his claims.

In light of the Antiterrorism and Effective Death Penalty Act's prohibition on second or successive habeas petitions, 28 U.S.C. § 2244(a), Rule 60(b) has only a limited role to play in the habeas context. *See Gonzalez v. Crosby*, 545 U.S. 524, 534, (2005). A motion wherein the petitioner merely reargues his claims for relief and argues that the court erred in denying relief on the merits of those claims is a second

or successive petition and therefore subject to the procedures set forth in 28 U.S.C. § 2244(b)(3). *See Gonzalez*, 545 U.S. at 532. Burnette simply reargues his prior claims, and therefore his motion constitutes a second or successive petition and is barred by 28 U.S.C. § 2244(b)(1). But even if Burnette could show that his motion was not a second or successive petition, it would fail on its merits.

"Relief under Rule 60(b) is an extraordinary remedy granted only in exceptional circumstances." *Pullen-Walker v. Roosevelt Univ.*, 263 F. App'x 517, 518 (7th Cir. 2008) (citing *Karraker v. Rent-A-Center*, 411 F.3d 831, 837 (7th Cir. 2005)). "Under Rule 60(b)(1), a party may request relief on account of 'mistake, inadvertence, surprise, or excusable neglect.'" *Blitch v. United States*, 39 F.4th 827, 833 (7th Cir. 2022) (quoting Fed. R. Civ. P. 60(b)(1)). This includes a judge's legal errors. *Kemp v. United States*, 596 U.S. 528, 534 (2022).

"A motion under Rule 60(b) is a collateral attack on the judgment and the grounds for setting aside a judgment under this rule must be something that could not have been used to obtain a reversal by means of a direct appeal." *Kiswani v. Phx. Sec. Agency, Inc.*, 584 F.3d 741, 743 (7th Cir. 2009). In other words, a movant must raise new grounds—not merely an expansion of the arguments the court rejected initially—to proceed under Rule 60(b). *See id.*; *Prak v. Skaf*, No. 23-cv-03403-SPM, 2024 U.S. Dist. LEXIS 130146, at *6 (S.D. Ill. July 23, 2024) (citing *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995)); *Beard v. True*, No. 14-cv-01143-DRH-CJP, 2018 U.S. Dist. LEXIS 42769, at *3 (S.D. Ill. Mar. 15, 2018).

2

As to his speedy trial claim (ECF No. 40 at 20-26) and claim regarding the DNA evidence (ECF No. 40 at 26-30), Burnette merely reargues matters that this court previously rejected. He argues that this court's decision was wrong without meaningfully presenting an argument within the scope of Rule 60(b)(1).

Burnette also argues that the Wisconsin Court of Appeals erred in finding that he failed to develop various arguments. (ECF No. 40 at 19-20.) An error of the state court is not a basis for relief under Rule 60(b)(1). Insofar as Burnette is arguing that the court erred finding that the court of appeals' decisions constituted adequate and independent state law grounds for its denial of relief, which precluded this court from reviewing those claims on the merits, the court finds no basis for relief. The court previously explained both why the adequate and independent state law grounds doctrine barred relief and why each claim otherwise failed on its merits. *Burnette v. Tegels*, No. 25-CV-335, 2026 U.S. Dist. LEXIS 552, at *3-5 (E.D. Wis. Jan. 5, 2026).

Only in two respects has Burnette presented arguments that, liberally construing his motion in light of his pro se status, plausibly fall within the scope of Rule 60(b)(1): that the trial court's lack of personal jurisdiction violated due process (ECF No. 40 at 5-15); and that his spousal privilege claim was a matter of due process and not state law (ECF No. 40 at 15-19).

Even if the circuit court, as a matter of state law, lost personal jurisdiction over Burnette because it violated state law regarding the timing of a preliminary hearing, his subsequent conviction would not violate due process. For due process purposes, personal jurisdiction is satisfied merely by the court's physical control over the

defendant. *See U. S. ex rel. Pascarella v. Radakovich*, 548 F. Supp. 125, 127 fn. 5 (N.D. Ill. 1982) (citing *United States v. Cotten*, 471 F.2d 744 (9th Cir. 1973)); *cf. United States v. Phillips*, 326 F. App'x 400, 400 (7th Cir. 2009) ("a district court has personal jurisdiction over any defendant brought before it on a federal indictment charging a violation of federal law"). While state law may further circumscribe personal jurisdiction, all such limitations are matters of state law and thus not cognizable bases for federal habeas relief.

Burnette's claim of spousal privilege, no matter how he may repackage it, does not implicate a federal constitutional right. Evidentiary matters are questions of state law. In only extremely narrow circumstances, such as when an evidentiary ruling renders a proceeding fundamentally unfair, will an evidentiary decision give rise to a cognizable federal claim for habeas relief. *See Holmes v. South Carolina*, 547 U.S. 319, 324 (2006); *Brown v. Watters*, 599 F.3d 602, 616 (7th Cir. 2010); *Fischer v. Ozaukee Cty. Circuit Court*, 741 F. Supp. 2d 944, 951 (E.D. Wis. 2010). But a claim of fundamental fairness is very different than the spousal privilege claim that Burnette presented. Burnette argued merely that the circuit court was wrong to apply Wisconsin law (which did not recognize common law marriages) instead of Texas law (which, he argued, applied the privilege to such informal unions).

Fundamental fairness is a question independent of the soundness of the ruling as a matter of evidentiary law. To prevail, Burnette must be able to prove that, regardless of whether it was right or wrong as a matter of state law to decline to apply the privilege, denial of the privilege made his trial fundamentally unfair so as to

violate due process. But the denial of a spousal privilege cannot violate due process because due process does not require application of the privilege. *Schmidt v. Foster*, No. 18-CV-29, 2019 U.S. Dist. LEXIS 144900, at *14-16 (E.D. Wis. Aug. 26, 2019); *Crawford v. Brookhart*, No. 19 C 4949, 2021 U.S. Dist. LEXIS 190115, at *21 (N.D. Ill. Oct. 1, 2021); *see also Trammel v. United States*, 445 U.S. 40 (1980). Accordingly, Burnette has failed to show that he is entitled to relief under Rule 60(b)(1).

**IT IS THEREFORE ORDERED** that the petitioner's motion for relief from judgment (ECF No. 40) is **denied**.

Dated at Green Bay, Wisconsin this 4th day of June, 2026.

*s/ Byron B. Conway*
BYRON B. CONWAY
U.S. District Judge
